UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FLOWERS,

    Petitioner,　　　　　　　　　　　　　　　　　　　　Case No. 18-11482

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　HON. AVERN COHN

NOAH NAGY,

    Respondent.
_____/

# ORDER TRANSFERRING CASE TO THE COURT OF APPEALS UNDER 28 U.S.C. § 2244(b)(3)(A)

## I. Introduction

Petitioner Donald Flowers seeks the issuance of a writ of habeas corpus under 28 U.S.C.§ 2254 and § 2244. In his pro se petition, he challenges his 1996 conviction for first-degree murder, four counts of assault with intent to commit murder, and possession of a firearm in the commission of a felony. Because the petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the case will be transferred to the Court of Appeals for the Sixth Circuit where Petitioner may seek permission to proceed.

## II. Background

In 2000, Petitioner filed a petition for a writ of habeas corpus challenging these convictions which was denied on the merits. See Flower s v. Price, No. 1:00-CV-477 (W.D. Mich. Nov. 30, 2001). Petitioner then filed a motion under Fed. R. Civ. P 60(d) in his 2000 habeas case. The district court construed the action to be a successive petition and transferred it to the Sixth Circuit. See Flowers v. Price, No. 1:00-CV-477

(W.D. Mich. Sept. 10, 2014). The Sixth Circuit dismissed petitioner's action for want of prosecution because Petitioner failed to cure certain defects in his pleadings. In Re Flowers, No. 14-2177 (6th Cir. Nov. 25, 2014).

III. Analysis

Clearly, Petitioner already filed a habeas petition challenging his 1996 conviction. Where an individual files a second or successive habeas petition, they must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Where, as here, a petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Accordingly, the Clerk shall TRANSFER this case to the Sixth Circuit under Sims

---

[1] Petitioner acknowledges that his petition is second or successive but argues it comes within the newly discovered evidence exception under § 2244(b) that would permit petitioner to file a successive petition. Petitioner's argument should be directed to the Sixth Circuit.

2

and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

SO ORDERED.                S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/22/2018
     Detroit, Michigan